**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-7245

CHRISTOPHER LANCASTER,

               Plaintiff - Appellant,

      v.

USP HAZELTON,

               Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:16-cv-00030-GMG-RWT)

Submitted:  April 30, 2018               Decided:  July 26, 2018

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher Lancaster, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lancaster, a federal inmate, appeals the district court's order adopting the magistrate judge's recommendation in part and denying relief on Lancaster's complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-2680 (2012). Lancaster challenges the district court's conclusions that his assault and battery claim is barred by the discretionary function exception to the FTCA and that he was required to file a screening certificate of merit, pursuant to W. Va. Code § 55-7B-6(b) (2016 & Supp. 2017), prior to filing his medical negligence claim. We affirm.[*]

I.

Under the FTCA, the Government has "waived sovereign immunity for claims brought against the United States based on the negligence or wrongful acts or omissions of its employees committed within the scope of employment, accepting liability in the same manner and to the same extent as a private individual would have under like circumstances." *Wood v. United States*, 845 F.3d 123, 127 (4th Cir. 2017). Several exceptions apply to this waiver, including the discretionary function exception. *Id.* Under the discretionary function exception, the FTCA does not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the

---

[*] We disagree with the district court's finding that Lancaster failed to file timely objections to the magistrate judge's report and recommendation. However, because the district court stated that it would reach the same disposition even if the objections were timely filed, we conclude that any error associated with the timeliness of Lancaster's objections is harmless.

2

discretion involved be abused." 28 U.S.C. § 2680(a). We review a district court's decision that the discretionary function exception applies de novo. *Indem. Ins. Co. of N. Am. v. United States*, 569 F.3d 175, 179 (4th Cir. 2009).

After reviewing the evidence, including the video surveillance of the incident in question, we conclude that the district court correctly granted summary judgment in favor of the Government on Lancaster's assault and battery claim on the ground that the correctional officers were performing a discretionary function when they used force against Lancaster. *See Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 208-09 (4th Cir. 2017) (stating standard of review); *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) (explaining that, "when the jurisdictional facts and the facts central to a tort claim are inextricably intertwined, the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues").

## II.

To determine liability under the FTCA, courts apply "the law of the place where the negligent act or omission occurred." *Cibula v. United States*, 664 F.3d 428, 430 (4th Cir. 2012) (brackets and internal quotation marks omitted). The district court properly used West Virginia law to assess Lancaster's medical negligence claim.

Medical negligence claims in West Virginia are governed by the Medical Professional Liability Act. *Banfi v. Am. Hosp. for Rehab.*, 529 S.E.2d 600, 605 (W. Va. 2000); *see* W. Va. Code § 55-7B-3 (2016). Generally, "in medical malpractice cases[,] negligence or want of professional skill can be proved only by expert witnesses." *Banfi*, 529 S.E.2d at 605 (internal quotation marks omitted). However, failure to produce expert

testimony "is not fatal to a plaintiff's prima facie showing of negligence" when "lack of care or want of skill is so gross, so as to be apparent, or the alleged breach relates to noncomplex matters of diagnosis and treatment within the understanding of lay jurors by resort to common knowledge and experience." *Id.* at 605-06 (internal quotation marks omitted). Whether an expert is required is within the discretion of the court, and the court's decision on the matter is therefore reviewed for abuse of discretion. *Id.* at 605.

In light of the importance of expert testimony, West Virginia requires plaintiffs to file a screening certificate of merit at least 30 days prior to the filing of a medical negligence claim. W. Va. Code § 55-7B-6(b). The certificate of merit must be executed under oath by a health care provider and state the expert's familiarity with the standard of care, her qualifications, and her opinion about how the standard of care was breached and how the breach resulted in the injury or death. *Id.* However, recognizing that not all medical malpractice cases require expert testimony, West Virginia provides a plaintiff with an option if he believes that such testimony is not required in his case—he may "file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit." W. Va. Code § 55-7B-6(c) (2016 & Supp. 2017). "[T]his exception is not easily invoked, as a plaintiff seeking to do so must overcome the general presumption in West Virginia medical malpractice law that negligence or want of professional skill can be proved only by expert witnesses." *Callahan v. Cho*, 437 F. Supp. 2d 557, 562 (E.D. Va. 2006) (internal quotation marks omitted); *see Totten v. Adongay*, 337 S.E.2d 2, 7 (W. Va. 1985) (describing "common knowledge exception" as "rare").

4

The Supreme Court of Appeals of West Virginia has clarified that "[t]he requirement of a pre-suit notice of claim and screening certificate of merit is not intended to restrict or deny citizens' access to the courts." *Hinchman v. Gillette*, 618 S.E.2d 387, 394 (W. Va. 2005). Rather, "in determining whether a notice of claim and certificate are legally sufficient, a reviewing court should apply [§ 55-7B-6] in light of the statutory purposes of preventing the making and filing of frivolous medical malpractice claims and lawsuits; and promoting the pre-suit resolution of non-frivolous medical malpractice claims." *Id.* at 395. The appropriate inquiry is whether the plaintiff "has demonstrated a good faith and reasonable effort to further the statutory purposes." *Id.*

We conclude that the district court did not abuse its discretion in determining that a medical expert is required to prove Lancaster's medical negligence claim. We agree that Lancaster did not allege that he was denied medical care altogether but complained that he did not receive proper medical care for his injuries. The proper course of treatment for injuries such as head trauma is not within the common knowledge of a lay person. We also agree with the court's conclusion that the good faith exception does not apply. Here, Lancaster submitted a document labeled "Certificate of Merit" (in which he argued no such certificate was required) more than one year after this case was filed. *See id.* ("[T]here would seem to be no sense or utility in allowing amendment of a pre-suit notice and certificate *after* suit is filed."). Notably, the court properly dismissed the medical negligence claim without prejudice. *See Cline v. Kresa-Reahl*, 728 S.E.2d 87, 98 (W. Va. 2012) (explaining that, if court undertakes good faith analysis and finds plaintiff's efforts

5

to promote the statutory purposes wanting, it may dismiss the complaint without prejudice to ensure that it does not restrict access to court).

III.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*